1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   BYRON LEE CLARK,
                                        NO:  1:14-CV-0016-TOR
8                      Plaintiff,
                                        ORDER GRANTING DEFENDANT'S
9        v.                             MOTION FOR SUMMARY
                                        JUDGMENT
10  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security
11  Administration,

12                     Defendant.

13         BEFORE THE COURT are the parties' cross-motions for summary

14  judgment.  ECF Nos. 15, 19.  Plaintiff is represented by Dana C. Madsen.

15  Defendant is represented by Erin F. Highland.  The Court has reviewed the

16  administrative record and the parties' completed briefing and is fully informed.

17  For the reasons discussed below, the Court grants Defendant's motion and denies

18  Plaintiff's motion.

19  //

20  //


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

JURISDICTION

2        The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),

3    1383(c)(3).

4

STANDARD OF REVIEW

5        A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

7    limited:  the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158 (9th Cir. 2012).  "Substantial evidence" means relevant evidence that "a

10   reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159

11   (quotation and citation omitted).  Stated differently, substantial evidence equates to

12   "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13   citation omitted).  In determining whether this standard has been satisfied, a

14   reviewing court must consider the entire record as a whole rather than searching

15   for supporting evidence in isolation.  *Id.*

16       In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner.  If the evidence in the record "is

18   susceptible to more than one rational interpretation, [the court] must uphold the

19   ALJ's findings if they are supported by inferences reasonably drawn from the

20   record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ FINDINGS

Plaintiff filed applications for disability benefits and supplemental security income on May 31, 2011.  Tr. 156–62, 163–70.  Plaintiff's claims were denied initially and on reconsideration.  Tr. 106–09, 110–13, 119–20, 121–23.  Plaintiff requested a hearing before an ALJ, which was held on September 12, 2012.  Tr. 24–61.  The ALJ rendered a decision denying Plaintiff supplemental security income on October 9, 2012.  Tr. 11–23.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 10, 2008, the alleged onset date.  Tr. 13.  At step two, the ALJ found that Plaintiff had the following severe impairments:  diabetes mellitus; mild osteoarthritis of the right shoulder; mild osteoarthritis of the right knee; history of heavy alcohol use; degenerative disc disease of the lumbar spine without clinical findings; and morbid obesity.  *Id.*  At step three, the ALJ found

that Plaintiff did not have an impairment or combination of impairments that met

or medically equaled a listed impairment.  Tr. 17.

The ALJ then concluded that Plaintiff had the RFC to

perform the full range of medium work as defined in 20 CFR
404.1567(c) and 416.967(c).  Further, the claimant is capable of work
that involves lifting no more than 20 pounds overhead; occasional
overhead reaching with the right upper extremity; occasional
balancing, stooping, kneeling, crouching, crawling, and climbing; no
climbing of ladders, ropes or scaffolds; and avoidance of concentrated
exposure to hazards.

Tr. 18.  The ALJ found, at step four, that Plaintiff was unable to perform any past

relevant work.  Tr. 22.  At step five, the ALJ found that, considering Plaintiff's

age, education, work experience, and RFC, there exist significant numbers of jobs

in the national economy that Plaintiff could perform in representative occupations

such as kitchen helper, dining room attendant, and store laborer.  Tr. 22–23.  On

that basis, the ALJ concluded that Plaintiff was not disabled as defined in the

Social Security Act.  Tr. 23.

The Appeals Council denied Plaintiff's request for review on November 20,

2013, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  Tr. 1–5; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

## ISSUES

Plaintiff raises three issues for review.  First, Plaintiff contends the ALJ

erred at step two by failing to conclude he had severe psychological impairments.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

ECF No. 15 at 8.  Second, Plaintiff contends the ALJ erred by failing to properly

consider or reject two medical opinions.  *Id.* at 9.  Third, Plaintiff contends the ALJ

erred in determining Plaintiff's residual functional capacity by making erroneous

credibility findings.  *Id*. at 10–12.

DISCUSSION

A. Mental Impairment Analysis

Plaintiff contends the ALJ erred in failing to find Plaintiff's psychological

impairments were not severe.  ECF No. 15 at 8.  Plaintiff reasons further that if

Drs. Arnold and Chandler's opinions were credited, he would be found disabled.

*Id*. at 9–10.  Not until his reply brief does Plaintiff put flesh to this argument,

contending that "there is more than a minimal limitation in [Plaintiff's] ability to

do work activities."  ECF No. 20 at 2.

In determining, at step two, the severity of mental functional limitations, an

ALJ must consider the claimants:  (1) daily activities; (2) social functioning; (3)

concentration, persistence, or pace; and (4) episodes of decompensation.  20 C.F.R.

§ 404, subpt. P, app. 1, 12.00(C); SSR 96-8p, 1996 WL 374184 (July 2, 1996)

("Paragraph C" limitations "are used to rate the severity of mental impairment(s) at

steps 2 and 3 of the sequential evaluation process.").  If the ALJ concludes that the

limitation is "mild" or "none" in the first three functional areas and "none" in the

fourth area, a finding that the impairment is not sever is appropriate, "unless the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    evidence otherwise indicates that there is more than a minimal limitation in [the

2    claimant's] ability to do basic work activities."  20 C.F.R. § 416.920a(d)(1); *see*

3    *also Fisher v. Astrue*, 788 F.Supp.2d 1219, 1229–30 (E.D. Wash. 2011).

4          In evaluating daily activities for mental impairments, the ALJ must "assess

5    the quality of these activities by their independence, appropriateness, effectiveness,

6    and sustainability."  20 C.F.R. § 404, subpt. P, app. 1, 12.00(C)(1).  Here, the ALJ

7    concluded that Plaintiff only had a mild limitation in activities of daily living based

8    upon the facts that he "has no problems with personal hygiene.  He is able to

9    handle his finances.  He cooks, does household chores, drives, goes grocery

10   shopping, watches T.V., and goes fishing."  Tr. 16.

11         In evaluating the social functioning of a claimant, an ALJ evaluates a

12   claimant's "capacity to interact independently, appropriately, effectively, and on a

13   sustained basis with other individuals."  20 C.F.R. § 404, subpt. P, app. 1,

14   12.00(C)(2).  The ALJ concluded that Plaintiff was mildly limited based upon the

15   facts that "[h]e regularly socializes with his friends and girlfriend.  He sees his

16   children twice a week and talks to his daughter on the phone daily.  He lives with

17   his parents and sees his sisters once a week."  Tr. 16, 258.

18         Finally, in evaluating a claimant's concentration, persistence, or pace, an

19   ALJ must evaluate the claimant's "ability to sustain focused attention and

20   concentration sufficiently long to permit the timely and appropriate completion of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    tasks commonly found in work settings."  20 C.F.R. § 404, subpt. P, app. 1,

2    12.00(C)(3).  The ALJ concluded Plaintiff had no limitation in this capacity, citing

3    the memory and concentration tests administered by Dr. Chandler.  Tr. 17, 257.

4    The ALJ also noted that Dr. Chandler observed that Plaintiff "was not taking any

5    medication for anxiety and had never received counseling. He reported he

6    previously took medication for anxiety and that while taking the medication he did

7    not have these episodes."  Tr. 14.

8         Thus, the record contains substantial evidence to support the ALJ's

9    determination at step two that Plaintiff did not suffer from a severe mental

10   impairment.

11                        B. Medical Opinions

12        Plaintiff contends the ALJ erred in rejecting or discounting the opinions of

13   John Arnold, Ph.D., and Samantha Chandler, Psy.D.  ECF No. 15 at 9.  Defendant

14   contends these opinions were properly evaluated and rejected by the ALJ.  ECF

15   No. 19 at 10–14.

16        A treating physician's opinions are entitled to substantial weight in social

17   security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

18   (9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an

19   ALJ may reject it only by offering "clear and convincing reasons that are supported

20   by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

2005).  If a treating or examining doctor's opinion is contradicted by another

doctor's opinion, an ALJ may only reject it by providing specific and legitimate

reasons that are supported by substantial evidence."  *Id.* (citing *Lester v. Chater*, 81

F.3d 821, 830-31 (9th Cir. 1995)).  However, the ALJ need not accept a

physician's opinion that is "brief, conclusory and inadequately supported by

clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  An

ALJ may also reject a treating physician's opinion which is "based to a large extent

on a claimant's self-reports that have been properly discounted as incredible."

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal and quotation

and citation omitted).

The ALJ gave some weight, but not significant weight, to the opinion of Dr.

Chandler.  Tr. 15–16.  The ALJ reasoned that, while Dr. Chandler had an

opportunity to personally examine Plaintiff, her anxiety diagnosis was based upon

Plaintiff's self-reporting and not on objective clinical findings.  *Id.*  The ALJ

assigned this aspect of Dr. Chandler's opinion little weight because it failed to

indicate the degree of limitation that claimant would have in interacting with

others.  Dr. Chandler opined that her evaluation that Plaintiff could "adapt and

function appropriately within a work setting and sustain concentration and

attention over the course of a traditional 8-hour/5-day workweek, [though] his

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    ability to maintain consistent, appropriate interactive behaviors may be affected by

2    symptoms of his anxiety."  Tr. 259.

3         As defined in the regulations, "[a]n impairment or combination of

4    impairments is not severe if it does not significantly limit [the claimant's] physical

5    or mental ability to do basic work activities."  20 C.F.R. § 416.921(a).  "Basic

6    work activities" include, *inter alia*, "[r]esponding appropriately to supervision,

7    coworkers and usual work situations."  20 C.F.R. § 416.921(b).  "[A]n impairment

8    is found not severe . . . when medical evidence establishes only a slight

9    abnormality or a combination of slight abnormalities which would have no more

10   than a minimal effect on an individual's ability to work."  *Yuckert v. Bowen*, 841

11   F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28, 1985 WL 56856 (Jan. 1, 1985)).

12        Dr. Chandler's opinion does not address whether Plaintiff's anxiety would

13   significantly limit his mental abilities to do basic work.  In fact, Dr. Chandler's

14   opinion suggests that Plaintiff can accomplish basic work activities over a

15   traditional work day/week though with the possibility that he may have some

16   problems with his interactions with others.  Dr. Chandler offered no opinion of the

17   likelihood of the potential problems, nor that the potential problems would

18   significantly limit Plaintiff's abilities.  As such, Dr. Chandler's opinion did not

19   establish that Plaintiff suffered from a disability as defined by the Act, and the ALJ

20   did not err in rejecting Dr. Chandler's opinion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    The ALJ also gave little weight to the opinion of Dr. Arnold.  Tr. 16.  The

2    ALJ concluded that the opinion was not reliable because the opinion was given

3    without providing the actual results and test scores from the evaluations performed.

4    *Id.*  Plaintiff contends this was in error because it is "unclear how the conveyance

5    of the testing results in summary as opposed to raw scores renders the testing non-

6    objective."  ECF No. 15 at 9.  What is significant about Dr. Arnold's synopsis is

7    that he mentions that "deviations in test taking attitude (validity issues) appeared

8    primarily on the PAI profile, and to a lesser extent on the MMPI-2RF."  Tr. 275.

9    However, Dr. Arnold then attempts to explain away these deviations in Plaintiff's

10   "defense."  *Id.*  By failing to provide the actual results indicating over-reporting,

11   Dr. Arnold's opinion explaining away the deviations is unsupported by clinical

12   findings.  The ALJ may properly reject this opinion as it is "brief, conclusory and

13   inadequately supported by clinical findings."  *Bray*, 554 F.3d at 1228.

14        Further, as the ALJ concluded, even if Dr. Arnold's opinion is accepted, it

15   can only establish that Plaintiff suffered from severe impairments from August 17,

16   2012, the date of the evaluation, and a mere two weeks before Plaintiff's

17   administrative hearing.  Tr. 16.  To demonstrate he is disabled, Plaintiff must show

18   a "determinable physical or mental impairment . . . which has lasted or can be

19   expected to last for a continuous period of not less than 12 months . . . ."  42

20   U.S.C. § 423(d)(1)(A).  Dr. Arnold made no findings and offered no opinion

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    regarding whether Plaintiff's depression had lasted for a year or was expected to

2    last a year.  As such, the ALJ did not err in concluding the report would not

3    support Plaintiff's claimed disability.  The ALJ did not err in rejecting the opinions

4    of Dr. Chandler and Dr. Arnold.

5                               C. Plaintiff's Credibility

6            Plaintiff contends that the ALJ erred by rejecting Plaintiff's subjective

7    complaints about the severity of symptoms caused by his impairments.  ECF No.

8    15 at 10.  Plaintiff argues that "the ALJ failed to provide specific findings with

9    clear and convincing reasons for discrediting [Plaintiff's] testimony."  *Id.*

10   Defendant contends the ALJ provided legally sufficient reasons to reject Plaintiff's

11   testimony based upon Plaintiff's medical record, daily activities, and work history.

12   ECF No. 19 at 15–20.

13           In social security proceedings, a claimant must prove the existence of a

14   physical or mental impairment with "medical evidence consisting of signs,

15   symptoms, and laboratory findings."  20 C.F.R. §§ 416.908, 416.927.  A claimant's

16   statements about his or her symptoms alone will not suffice.  20 C.F.R. §§

17   416.908, 416.927.  Once an impairment has been proven to exist, an ALJ "may not

18   reject a claimant's subjective complaints based solely on a lack of objective

19   medical evidence to fully corroborate the alleged severity of pain."  *Bunnell v.*

20   *Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).  As long as the impairment

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1    "could reasonably be expected to produce [the] symptoms," the claimant may offer

2    a subjective evaluation as to the severity of the impairment.  *Id.*  This rule

3    recognizes that the severity of a claimant's symptoms "cannot be objectively

4    verified or measured."  *Id.* at 347 (quotation and citation omitted).

5         However, an ALJ may conclude that the claimant's subjective assessment is

6    unreliable, so long as the ALJ makes "a credibility determination with findings

7    sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

8    arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958

9    (9th Cir. 2002); *see also Bunnell*, 947 F.2d at 345 ("[A]lthough an adjudicator may

10   find the claimant's allegations of severity to be not credible, the adjudicator must

11   specifically make findings which support this conclusion.").  In making such a

12   determination, the ALJ may consider, *inter alia*:  (1) the claimant's reputation for

13   truthfulness; (2) inconsistencies in the claimant's testimony or between her

14   testimony and her conduct; (3) the claimant's daily living activities; (4) the

15   claimant's work record; and (5) testimony from physicians or third parties

16   concerning the nature, severity, and effect of the claimant's condition.  *Thomas*,

17   278 F.3d at 958.  If there is no evidence of malingering, the ALJ's reasons for

18   discrediting the claimant's testimony must be "specific, clear and convincing."

19   *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation

20   omitted).  The ALJ "must specifically identify the testimony she or he finds not to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms. Tr. 19. However, the ALJ did not credit Plaintiff's testimony about the severity of his symptoms and their impact on his functional capacity.

The ALJ found that Plaintiff's allegations of disabling symptoms were not consistent with the medical evidence. Tr. 19. The ALJ examined Plaintiff's physical evaluations in July 2008, January 2010, March 2011, and July 2011, including x-ray and MRI results. Tr. 19–20. These examinations indicated that Plaintiff suffered from mild to moderate degenerative impairments to his back, knees, and shoulders, though his reflexes, gait, and range of motion remained within normal limits. Tr. 19–20, 241, 260–61, 263–65, 267–68. Plaintiff also did not exhibit any pain or tenderness in a number of objective tests administered in July 2011. Tr. 264. None of the medical evaluations in the record indicate that Plaintiff exhibited severe pain or physical restrictions from his impairments. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ did

not err by basing her credibility determination, upon the objective medical evidence which did not corroborate the debilitating pain Plaintiff subjectively claimed.

The ALJ then found Plaintiff's statements about the extent of his limitations were inconsistent with evidence of his daily activities. Tr. 21. Specifically, the ALJ noted that Plaintiff self-reported in a June 2011 psychological evaluation that he "cooks, does household chores, drives, goes grocery shopping, watches T.V., and goes fishing." Tr. 21, 258. The ALJ provided no more explanation why Plaintiff's daily activities were inconsistent with his alleged symptoms.

There are two grounds for using daily activities to form the basis for an adverse credibility determination. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). First, the daily activities may just contradict claimant's other testimony. *Id*.; *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("whether the claimant engages in daily activities inconsistent with the alleged symptoms") (citation omitted). Second, daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn*, 495 F.3d at 639. Here, the ALJ merely cited Plaintiff's activities of daily living, as also supporting an adverse credibility finding.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

Finally, the ALJ relied upon the fact that Plaintiff's last job ended because he was laid off, not because of his alleged symptoms.  Plaintiff was laid off in October 2008.  Tr. 256.  Plaintiff had been injured on the job on July 1, 2008, when a piece of metal fell on his back.  Tr. 46, 256.  He was evaluated for lower back pain two weeks later.  Tr. 256–57.  After his injury, Plaintiff returned to work, but was laid off soon thereafter in October.  Tr. 46.  The ALJ found it "noteworthy" that Plaintiff's last job ended when he was laid off.  Tr. 21.  The clear and convincing standard requires more than a noteworthy observation.

In sum, the ALJ properly relied upon the inconsistencies between Plaintiff's subjective complaints and the objective medical record to support her credibility determination.  While the brief reference to Plaintiff's daily activities and layoff do not themselves meet the standard, the ALJ's decision provides specific, clear, and convincing reasons sufficient for this Court to conclude that the adverse credibility determination is supported by substantial evidence.  Thus, there has been no showing of any error affecting the ALJ's residual functional capacity finding.

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2.  Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**.

1    The District Court Executive is hereby directed to file this Order, enter

2  **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

3    The District Court Executive is hereby directed to file this Order, enter

4  Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

5    **DATED** March 6, 2015.

6
7
 *Thomas O. Rice*
            THOMAS O. RICE
        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19